IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No: 4:18-cv-164 |
| DALE ANDERSON, SR; DALE ANDERSON, JR; DONALD ANDERSON; M.A., by and through her next friend DALE ANDERSON, JR.; PHILIP ANDERSON; SHELBY ANDERSON; ABBIE FORTNER; ASHLEY FORTNER; LISA FORTNER; BRADY GRAFF; CHESTER GRAFF; COLYN GRAFF; MICHAEL GRAFF; SHIRLEY GRAFF; LAURA SNYDER; AMY TAYLOR; S.T, by and through her next friend AMY TAYLOR. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**MIDLAND NATIONAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER**

Plaintiff, Midland National Life Insurance Company ("Midland"), by and through its attorneys, Donald A. Murday and Robert S. Hunger of Chittenden, Murday & Novotny LLC, states as follows for its Complaint for Interpleader:

**PARTIES**

1.      Midland is incorporated in the State of Iowa, with its principal place of business in West Des Moines, Iowa. Midland accordingly is a citizen of Iowa.

2.      Dale Anderson, Sr. is an individual who resides in and is a citizen of Fairfield, Ohio.

3.      Dale Anderson, Jr. is an individual who resides in and is a citizen of Fairfield, Ohio.

4.      Donald Anderson is an individual who resides in and is a citizen of Lawrenceburg, Indiana.

5.      M.A. is a minor individual who resides in and is a citizen of Fairfield, Ohio.

6.      Philip Anderson is an individual who resides in and is a citizen of Fairfield, Ohio.

7.      Shelby Anderson is an individual who resides in and is a citizen of Fairfield, Ohio.

8.      Abbie Fortner is an individual who resides in and is a citizen of Dillsboro, Indiana.

9.      Ashley Fortner is an individual who resides in and is a citizen of Dillsboro, Indiana.

10.     Lisa Fortner is an individual who resides in and is a citizen of Dillsboro, Indiana.

11.     Brady Graff is an individual who resides in and is a citizen of Lawrenceburg, Indiana.

12.     Chester Graff is an individual who resides in and is a citizen of Lawrenceburg, Indiana.

13.     Colyn Graff is an individual who resides in and is a citizen of Lawrenceburg, Indiana.

14.     Michael Graff is an individual who resides in and is a citizen of Lawrenceburg, Indiana.

15.     Shirley Graff is an individual who resides in and is a citizen of Lawrenceburg, Indiana.

16.     Laura Snyder is an individual who resides in and is a citizen of Lindenwald, Ohio.

17.     Amy Taylor is an individual who resides in and is a citizen of Aurora, Indiana.

18.     S.T. is a minor individual who resides in and is a citizen of Aurora, Indiana.

## JURISDICTION AND VENUE

19.     This matter concerns the proper distribution of the proceeds of a life insurance policy that has a Specified Amount of $187,390.

20.     This Complaint for Interpleader is brought pursuant to 28 U.S.C. § 1335 ("Statutory Interpleader") and Rule 22 of the Federal Rules of Civil Procedure ("Rule Interpleader").

21.     Jurisdiction is proper for Statutory Interpleader under 28 U.S.C. § 1335 because two or more claimants/Defendants are diverse and Midland has in its custody or possession money or property the value of $500 or more.

22.     Venue is also proper for Statutory Interpleader under 28 U.S.C. § 1397 because at least one of the claimants/Defendants resides in this judicial district. Eleven claimants/Defendants are residents of Aurora, Dillsboro, or Lawrenceburg, Indiana. Aurora, Dillsboro, and Lawrenceburg are located in Dearborn County, Indiana, and Dearborn County is located in this judicial district.

23.     Rule Interpleader is subject to traditional jurisdiction and venue rules under 28 U.S.C. §§ 1332 and 1391.

24.     Jurisdiction is proper under 28 U.S.C. § 1332 because Midland is a citizen of Iowa, none of the claimants/Defendants are citizens of Iowa, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

25.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, primarily that the Policy was issued in this judicial district and the insured resided in this judicial district.

## BACKGROUND

26.     In 2009 Midland issued flexible premium adjustable life insurance policy no. ******4327 (the "Policy"), which insured the life of Alma Anderson (the "Insured"), named Alma Anderson as owner, and had a Specified Amount of $187,390. A copy of the Policy is attached as **Exhibit 1**.

27.     The Policy was issued to the Insured when she was a resident of Lawrenceburg, Indiana.

28.     The Policy application requested the Policy to have a Specified Amount of $193,000 and listed beneficiaries with dollar values that equaled $193,000.

29.     The Policy, however, was issued with a $187,390 Specified Amount. Midland subsequently received an Amendment and Supplement to the Application dated October 22, 2009, purportedly signed by the Insured, that distributed the Policy's proceeds in the following way (the "Amendment"):

| Dale Anderson Sr | 3% | Michael Graff | 15% |
| Dale Anderson Jr | 18% | Shirley Graff | 12% |
| Donald Anderson | 3% | Laura Snyder | 18% |
| Philip Anderson | 1% | Amy Taylor | 15% |
| Lisa Fortner | 15% | | |

30.     The Insured submitted multiple change of beneficiary forms in which she added beneficiaries, removed beneficiaries, or changed the percentage of the Policy proceeds a beneficiary would receive (collectively, the "Changes").

31.     More specifically, Midland received a change of beneficiary form, purportedly signed by the Insured on or around August 26, 2010, that distributed the Policy's proceeds in the following way (the "2010 Change"):

| Dale Anderson Sr | 3% | Michael Graff | 15% |
| Dale Anderson Jr | 17% | Shirley Graff | 10% |
| Donald Anderson | 5% | Laura Snyder | 17% |
| Philip Anderson | 3% | Amy Taylor | 15% |
| Lisa Fortner | 15% | | |

32.     Midland received a change of beneficiary form, purportedly signed by the Insured on or around November 30, 2011, that distributed the Policy's proceeds in the following way (the "2011 Change"):

| Dale Anderson Jr | 20% | Shirley Graff | 10% |
| Donald Anderson | 5% | Laura Snyder | 20% |
| Lisa Fortner | 15% | Amy Taylor | 15% |
| Michael Graff | 15% | | |

33.     Midland received a change of beneficiary form, purportedly signed by the Insured on or around July 10, 2012, that distributed the Policy's proceeds in the following way (the "July 2012 Change"):

| Dale Anderson Jr | 20% | Michael Graff | 15% |
|---|---|---|---|
| Donald Anderson | 5% | Shirley Graff | 8% |
| Lisa Fortner | 13% | Laura Snyder | 20% |
| Brady Graff | 3% | Amy Taylor | 13% |
| Colyn Graff | 3% | | |

34.     Midland received a change of beneficiary form, purportedly signed by the Insured on or around November 13, 2012, that distributed the Policy's proceeds in the following way (the "November 2012 Change"):

| Dale Anderson Sr | 3% | Colyn Graff | 3% |
|---|---|---|---|
| Dale Anderson Jr | 17% | Michael Graff | 15% |
| Donald Anderson | 5% | Shirley Graff | 8% |
| Philip Anderson | 3% | Laura Snyder | 17% |
| Lisa Fortner | 13% | Amy Taylor | 13% |
| Brady Graff | 3% | | |

35.     Midland received a change of beneficiary form, purportedly signed by the Insured on or around March 18, 2013, that distributed the Policy's proceeds in the following way (the "2013 Change"):

| Dale Anderson Sr | 3% | Colyn Graff | 3% |
|---|---|---|---|
| Dale Anderson Jr | 17% | Michael Graff | 15% |
| Donald Anderson | 5% | Shirley Graff | 8% |
| Philip Anderson | 3% | Laura Snyder | 17% |
| Lisa Fortner | 13% | Amy Taylor | 13% |
| Brady Graff | 3% | | |

36.     Midland received a change of beneficiary form, purportedly signed by the Insured on or around October 21, 2014, that distributed the Policy's proceeds in the following way (the "2014 Change"):

| Dale Anderson Sr | 3% | Lisa Fortner | 8% |
|---|---|---|---|
| Dale Anderson Jr | 8% | Chester Graff | 23% |

| Donald Anderson | 5% | Michael Graff | 8% |
|---|---|---|---|
| M.A. | 3% | Shirley Graff | 11% |
| Philip Anderson | 3% | Laura Snyder | 8% |
| Shelby Anderson | 3% | Amy Taylor | 8% |
| Abbie Fortner | 3% | S.T. | 3% |
| Ashley Fortner | 3% | | |

37.     Midland received a change of beneficiary form, purportedly signed by the Insured on or around November 17, 2015, that distributed the Policy's proceeds in the following way (the "2015 Change"):

| Dale Anderson Sr | 3% | Lisa Fortner | 8% |
|---|---|---|---|
| Dale Anderson Jr | 1% | Brady Graff | 2% |
| Donald Anderson | 1% | Chester Graff | 27% |
| M.A. | 4% | Michael Graff | 8% |
| Philip Anderson | 3% | Shirley Graff | 11% |
| Shelby Anderson | 4% | Laura Snyder | 8% |
| Abbie Fortner | 4% | Amy Taylor | 8% |
| Ashley Fortner | 4% | S.T. | 4% |

38.     Paragraphs 29-37, above, represent all the beneficiary designations that were in place while the Policy was in force and the Insured was alive.

39.     The Insured was born in 1929 and died on or around November 24, 2017.

40.     Following the Insured's death, Midland received claims from or on behalf of all Defendants in this litigation except for Colyn Graff, who the 2014 Change removed as a beneficiary.

41.     All of the Defendants in this action are descendants of the Insured or married to descendants of the Insured.

42.     During the claims process, multiple Defendants (the "Accuser Defendants") asserted that other Defendants' (the "Accused Defendants") improper conduct caused some or all of the Changes.

43. More specifically, the Accuser Defendants asserted that the Insured suffered from dementia, was physically afraid of the Accused Defendants, and believed that the Accused Defendants were stealing from her. They also asserted that the Accused Defendants exerted improper control over the Insured's financial accounts and coerced the Insured into making financial decisions that benefitted the Accused Defendants.

44. Based on the allegations described in Paragraph 43, the Accuser Defendants asserted that the Accused Defendants caused some or all of the Changes through either fraudulent conduct or by exerting undue influence over the Insured, that the Accused Defendants benefitted from the Changes, that the Changes injured the Accuser Defendants, and that some or all of the Changes should be null and void.

45. Midland had no actual or constructive knowledge of any fraud or undue influence concerning the Changes while the Policy was in force and the Insured was alive.

## COUNT I: INTERPLEADER UNDER 28 U.S.C. § 1332
## AND RULE 22 OF THE FEDERAL RULES OF CIVIL PROCEDURE

46. Midland repeats and realleges Paragraphs 1 through 45 as though fully set forth herein.

47. By reason of the Insured's death, Midland admits its contractual liability under the Policy in the amount of $191,401.76 (one hundred ninety-one thousand four hundred and one dollars and seventy-six cents), representing the amount payable under the Policy plus interest (the "Policy Proceeds"), but cannot pay its contractual liability due to the competing or potentially competing claims to the Policy Proceeds.

48. Midland possesses a real and reasonable fear of double liability or vexatious, conflicting claims due to the Accuser Defendants' claims that some or all of the Changes were the result of fraud or undue influence.

49.     Midland cannot discharge its admitted liability under the Policy and pay the Policy Proceeds to the Policy beneficiaries without exposing itself to multiple litigation, multiple liability, or both, because the Policy beneficiaries would be entitled to different percentages of the Policy Proceeds (or no proceeds whatsoever) depending on whether some or all of the Changes resulted from fraud or undue influence.

50.     Contemporaneously with the filing of this Complaint, Midland seeks leave of Court to deposit the Policy Proceeds with the Clerk of the Court.

51.     Midland is a disinterested stakeholder, claims no interest in the Policy Proceeds, and is indifferent as to the proper allocation of the Policy Proceeds among the Defendants or which of the Defendants are entitled to the Policy Proceeds. Justice and equity dictate that Midland should not be subject to the disputes, or potential disputes, between the Defendants. Thus, Midland respectfully requests this Court order Defendants to litigate all matters relevant to the Policy or Policy Proceeds among themselves and to dismiss and discharge Midland from all further proceedings.

**WHEREFORE**, Midland National Life Insurance Company prays this Honorable Court enter an order (or orders) granting it the following relief:

A.     Granting Midland leave to deposit its admitted liability, representing the Policy Proceeds, with the Clerk of the Court, said sum to abide the further order of this Court;

B.     Enjoining Defendants, Dale Anderson, Sr; Dale Anderson, Jr; Donald Anderson; M.A., by and through her Next Friend Dale Anderson, Jr.; Philip Anderson; Shelby Anderson; Abbie Fortner; Ashley Fortner; Lisa Fortner; Brady Graff; Chester Graff; Colyn Graff; Michael Graff; Shirley Graff; Laura Snyder; Amy Taylor; S.T, by and through her Next Friend Amy Taylor, and each of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Midland in any state or federal court or other forum arising out of or related to the Policy and that said injunction issue without bond or surety;

C.       Granting judgment in interpleader to Midland and declaring that Midland has no further liability to Defendants, Dale Anderson, Sr; Dale Anderson, Jr; Donald Anderson; M.A., by and through her Next Friend Dale Anderson, Jr.; Philip Anderson; Shelby Anderson; Abbie Fortner; Ashley Fortner; Lisa Fortner; Brady Graff; Chester Graff; Colyn Graff; Michael Graff; Shirley Graff; Laura Snyder; Amy Taylor; S.T, by and through her Next Friend Amy Taylor, or to any of them or to any person or entity claiming through them, for the Policy Proceeds;

D.       Excusing Midland from further attendance in this cause, ordering the Defendants to litigate their claims and contentions concerning the Policy without further involving Midland, and dismissing Midland from this cause with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of the interpleader judgment;

E.       Awarding Midland its actual fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court; and

F.       Granting Midland such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

Midland National Life Insurance Company

By: /s/ Donald A. Murday
        One of its Attorneys

Donald A. Murday (dmurday@cmn-law.com)
Robert S. Hunger (rhunger@cmn-law.com)
Chittenden, Murday & Novotny LLC
303 W Madison St., Suite 1400
Chicago, IL 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)